# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSELINO CANDELARIA, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 20-4537 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                       August 20, 2021

Marselino Candelaria ("Plaintiff"), seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"). In 2012, the Commissioner determined that Plaintiff was disabled under Title XVI of the Social Security Act, as of July 2010. In 2018, the Commissioner reevaluated Plaintiff's disability award and concluded that, as of February 2018, Plaintiff was no longer disabled. Plaintiff has filed a brief in support of his request for review of the Commissioner's decision to end his disability benefits, the Commissioner has responded to it, and Plaintiff has filed a reply brief. This court finds that the Commissioner's final decision is supported by substantial evidence.

## I.      PROCEDURAL HISTORY[1]

In 2010, Plaintiff applied for Supplemental Security Income ("SSI"), alleging disability since July 2010 because of blindness in his left eye, diabetes, high cholesterol, and lower back pain. Pl. Br. at 2. In an August 15, 2012 decision, Plaintiff was found to be disabled, as of July 20, 2010, because of blindness in his left eye and poor vision in his right eye. R. 17-18. On

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response thereto ("Resp."), Plaintiff's Reply thereto ("Reply"), and the administrative record ("R.").

February 2, 2018, it was determined that, as of February 1, 2018, Plaintiff was no longer disabled. R. 17. This decision was upheld upon reconsideration and after a hearing before a state agency disability hearing officer. *Id.* Plaintiff then sought review from an administrative law judge.

On October 29, 2019, Plaintiff appeared before Robert J. Ryan, Administrative Law Judge ("the ALJ"). R. 17. Plaintiff, represented by a non-attorney, and Vocational Expert Rabia A. Rosen ("the VE") testified at the hearing. *Id.* On November 25, 2019, the ALJ, using the sequential evaluation process for revaluation of disability,[2] issued a decision finding that, as of February 1, 2018, Plaintiff was no longer disabled. R. 17-24. The Appeals Council denied Plaintiff's request for review, on July 20, 2020, making the ALJ's findings the final determination

---

[2] The Social Security Regulations provide the following seven-step sequential evaluation for determining whether or not a disabled claimant remains disabled:

> 1. The SSA must determine if the claimant meets or medically equals a listed impairment. Otherwise, proceed to Step 2. *See* 20 C.F.R. § 416.994(b)(5)(i).
>
> 2. The SSA must determine if medical improvement has occurred. *See* 20 C.F.R. § 416.994(b)(5)(ii). If it has, proceed to step three; if not, proceed to step four.
>
> 3. The SSA must determine if medical improvement relates to the ability to work. *See* 20 C.F.R. § 416.994(b)(5)(iii). It is does, proceed to step five.
>
> 4. The SSA must determine if an exception to medical improvement applies. *See* 20 C.F.R. § 416.994(b)(5)(iv). There are two groups of exceptions. *See* 20 C.F.R. § 416.994(b)(3), (b)(4). If the first group applies, proceed to step five; if the second group applies, the claimant's disability ends; if none apply, the claimant's disability continues.
>
> 5. The SSA must determine if all of the claimant's impairments in combination are severe. *See* 20 C.F.R. § 416.9(b)(5)(v). If they are, proceed to step six; if not, the claimant is no longer disabled.
>
> 6. The SSA must evaluate the claimant's residual functional capacity and determine if he or she can perform any past relevant work. *See* 20 C.F.R. § 416.994(b)(5)(vi). If the claimant can perform any past relevant work, he or she is no longer disabled. If the claimant cannot, proceed to the final step.
>
> 7. The SSA must determine, based upon the claimant's age, education, work experience and residual functional capacity, if there is work the claimant can perform. *See* 20 C.F.R. § 416.994(b)(5)(vii). If there is other work, the claimant is no longer disabled; if there is not, disability continues.

of the Commissioner. R. 1-3. Now, Plaintiff, seeks judicial review in this court; the parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

## II. DISCUSSION

### A. The Parties' Contentions

Plaintiff argues that the ALJ committed three reversible errors: (1) ignoring evidence that Plaintiff could not perform the three jobs the VE had identified; (2) failing to recognize the discrepancy between the VE's testimony that Plaintiff could perform the three identified jobs and the requirements for those jobs contained in the Dictionary of Occupational Titles ("DOT"); and (3) failing to consider Plaintiff's impairments in combination and failing to obtain additional consultative medical examinations.[3] Pl. Br. at 8-17. The Commissioner responds that the ALJ's decision should be affirmed. Resp. at 3-11. This court finds that the ALJ's decision is supported by substantial evidence.

### B. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148,

---

[3] Plaintiff's first two arguments are related and will be considered together. He argues that the ALJ failed to recognize that, on direct and cross-examination, the VE provided answers which indicated that Plaintiff could not actually perform the requirements of the three jobs the VE had initially identified on direct-examination. According to Plaintiff, this discrepancy is also apparent based upon the three jobs' description in the DOT. Because the ALJ did not comprehend the significance of the VE's additional direct and cross-examination testimony, the ALJ never asked the VE to resolve the conflict that arose both between her initial testimony and her later testimony or between her initial testimony and the DOT.

1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

**C.    The ALJ Properly Determined that Plaintiff Could Perform the Jobs the VE Identified**

Plaintiff argues that the ALJ failed to resolve a potential conflict between the three jobs the VE identified and the DOT; this alleged conflict arose during direct and cross-examination of the VE and the ALJ failed to recognize it. Pl. Br. at 8-15. This court finds that the ALJ declined to accept the limitations that would have given rise to the potential conflict Plaintiff has identified and the ALJ's conclusion concerning those limitations is supported by substantial evidence. Hence, there was no conflict and no duty to resolve it.

On direct-examination, the VE testified that an individual of Plaintiff's age, education, work experience and residual functional capacity ("RFC"),[4] could perform the jobs of: (1) laborer, salvage (DOT number 929.687-022); (2) industrial cleaner (DOT number 381.687-018); and (3) laborer, laundry (DOT number 361.687-018). R. 60. In addition, the VE stated that all three jobs required good depth perception. R. 60. On cross-examination, the VE repeated her testimony that

---

[4] The RFC the ALJ posed to the VE was for medium work, no work at unprotected heights or near unguarded, moving machinery, no operation of a motor vehicle, no work that is requires reading written material, and no use of a computer screen. R. 59.

all three jobs require good depth perception, R. 62; she also testified that none of the jobs could be performed if the worker needed to use a cane. R. 62-63.

In his opening brief, Plaintiff presents arguments that rely upon the requirements for the three jobs, as described in the DOT. With respect to the industrial cleaner and laundry laborer position, the DOT descriptions indicate that the jobs may require working near moving machinery or operating machinery to move objects. Pl. Br. at 10. As to the labor salvage position, Plaintiff argues that the job's duties involve sorting refuse, which, necessarily, requires good depth perception. *Id.* at 11.

Plaintiff's complaint about a discrepancy between the VE's testimony and the three jobs she identified concerns the VE's testimony that all three jobs require good depth perception and preclude use of a cane. However, the ALJ's RFC assessment does not state that Plaintiff has poor depth perception or requires a cane, points which Plaintiff ignores.[5] The ALJ's RFC assessment need only include the impairments she finds to be credibly established in the record. *Rutherford*, 399 F.3d at 555. Since the ALJ did not find that these limitations were credibly established, she was not required to include them in her RFC, which defeats Plaintiff's argument.

Next, Plaintiff contends that the industrial cleaner and laundry laborer jobs may require being around moving machinery or operating machinery to move objects. However, the ALJ's RFC assessment specifically excludes being around moving machinery or operating a motor vehicle. R. 59. Because these limitations were included in the hypothetical question posed to the VE, this court understands that the VE's answer only included the number of jobs in each of the

---

[5] In his Reply, Plaintiff ignores the ALJ's depth perception conclusion, but suggests that the ALJ failed to properly discount his use of a cane. Reply at 3. However, Plaintiff concedes that the ALJ cited Plaintiff's admission that a cane was not prescribed by any doctor and that his physical examinations showed no muscle atrophy. *Id.* (citing R. 22). While this is not an overwhelming amount of evidence to support the ALJ's conclusion that Plaintiff did not require a cane, the substantial evidence test does not require a great deal of evidence. *Biestek*, 139 S. Ct. at 1154. The evidence the ALJ cites is accurate and is substantial under the governing standard.

5

three job titles that would accommodate these limitations. Hence, there is no conflict with the DOT.

**D.    The ALJ did Consider Plaintiff's Impairments in Combination and Properly Declined to Order Additional Consultative Examinations**

Plaintiff argues that the ALJ failed to evaluate how his hypertension, transient ischemic attacks ("TIAs"), diabetes and visual impairments combined to limit his ability to work. Pl. Br. at 16. He also argues that the ALJ should have ordered additional consultative examinations in order to evaluate Plaintiff's exertional limits and whether he suffers from retinal dystrophy. Pl. Br. at 16-17. These arguments lack merit.

Plaintiff cannot prevail on his first argument. First, the ALJ extensively considered Plaintiff's visual impairment, which no longer meets a listing, R. 19, and included RFC limitations, based upon that impairment. R. 20. Next, the ALJ found that Plaintiff's diabetes was not severe and did not significantly impact his ability to work. R. 19. He also expressly considered all of Plaintiff's impairments in combination when determining if Plaintiff met or equaled a listed impairment. R. 19. The ALJ further stated that he was considering all of Plaintiff's medically determinable impairments when evaluating his RFC. R. 20. Additionally, the ALJ noted that, when Plaintiff was hospitalized for TIA on March 1-2, 2018, he had no focal neurological deficits. R. 21 (citing Ex. B11F). Dr. Abraham Sheer, a neurologist, examined Plaintiff on March 2, 2018 and confirmed this fact. R. 595. Plaintiff identifies no other evidence in the record that would suggest his March 1, 2018 TIA has recurred or caused any functional limitations. Contrariwise, the hospital records indicate that Plaintiff's TIA symptom (left arm weakness) had resolved by the time he arrived in the emergency room. R. 580-81. Absent such evidence, it is not necessary to remand this case for further consideration of Plaintiff's TIA. *See Rutherford*, 399 F.3d at 555. In short, the ALJ expressly considered hypertension, diabetes and visual impairments in combination.

Plaintiff advances no record evidence to conclude that his TIA caused additional functional limitation. Hence, there is no basis to find error.

Plaintiff's last argument also lacks merit. It is well-settled that an ALJ does not need to identify a specific item of medical evidence to substantiate each component of his RFC assessment. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Hence, the ALJ was not required to obtain a consultative examination specifically to evaluate Plaintiff's exertional limitations. Furthermore, Plaintiff has not explained how a confirmed diagnosis of retinal dystrophy would have affected the outcome of his case. Absent that, any error would be harmless and not require a remand. *See Rutherford*, 399 F.3d at 553, 556.

An implementing Order and Judgement Order follow.